## CIRCUIT COURT OF THE CITY OF RICHMOND

Deborah Shipe

v.

Virginia Department
of Motor Vehicles

December 7, 1995

Case No. HG-1050-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff, a state employee, filed this action pursuant to former Va. Code § 2.1-114.5:2(F) to enforce implementation of a grievance panel decision.[1] At issue is whether plaintiff, who grieved her termination and was ordered reinstated by the panel, was properly assigned to a job other than the one from which she was terminated.

On March 15, 1995, plaintiff was terminated from her job as Security Supervisor, Grade 8, at the Division of Motor Vehicles (DMV) headquarters in Richmond. The termination notice stated that plaintiff had "repeatedly failed to be complete and truthful and misrepresented [her] actions when [she was] interviewed by management during the course of an official investigation." The notice also stated that plaintiff "failed to comply with established written policy by using a state vehicle for purposes other than official state business [and] exercised poor judgment by operating a state vehicle after consuming an alcoholic beverage." Plaintiff filed a grievance challenging her termination. On July 24, 1995, the grievance panel rendered the following decision:

---

[1] Section 2.1-114.5:2(F) was repealed effective July 1, 1995, and the state's grievance procedure now provides for hearings before hearing officers rather than grievance panels. That repeal does not affect this case.

> The majority panel decision is to return Ms. Shipe to work with forfeiture of back pay, a group three notice, and a strong recommendation she be laterally transferred to another department.

Upon receipt of the panel's decision, DMV officials contacted plaintiff and informed her that the security department at the Richmond headquarters had been "privatized;" that is, the security function had been contracted out to Securguard, a private company. As a result, her job as a security supervisor was not available. Plaintiff was given the option of accepting one of eight available grade 6 jobs outside of security, two of which were in Richmond, or one of two grade 8 jobs, also outside of security, one of which was in Roanoke and the other in Hampton. Plaintiff chose the job in Hampton, and is now employed as a Commercial Drivers License Specialist, Grade 8. She complains, however, that by failing to reinstate her into the same job that she had when she was terminated, or at least into an equivalent job, DMV has failed to properly implement the panel's decision. DMV argues that the panel's decision was properly implemented. The court agrees with DMV.

DMV's first argument is that since assignment and transfer of state employees are matters within the sole province of management, DMV's decision to assign plaintiff to a job in Hampton is not reviewable in this court. In fact, DMV filed a demurrer to plaintiff's action based on this same argument. The demurrer was overruled, and the court again rejects the argument now. In *Virginia Department of Taxation v. Daughtry* and *Virginia Department of Corrections v. Dillon*, 250 Va. 542 (1995), the Supreme Court upheld assignments of grievants to jobs other than the ones from which they were terminated, and about which they grieved, even though the panel in each case ordered reinstatement. In doing so, however, the court specifically noted that in cases involving a state employee's grievance of a termination, "if the employee is reinstated by the panel, *in the absence of justification for a transfer to another position within the agency, the agency must reinstate the person to his former position.*" *Id.* at 550 (emphasis added). While the Court found that the agencies in those cases *had* justified the subject transfers, the language just quoted clearly contradicts DMV's argument that it can place plaintiff in any job it wants without having to justify its action in this court. Even so, DMV's transfer of plaintiff here will be upheld.

As already noted, plaintiff's job as a security supervisor was abolished when the security department at DMV's headquarters was contracted out to a private company. There is no evidence that this "privatization" was a

ruse or sham to deprive plaintiff of her job, or that there were any other security jobs available elsewhere in Virginia. Indeed, Securguard's contract began on May 15, 1995, before plaintiff was ordered reinstated, and resulted in the demotion and transfer of at least three other security personnel into non-security jobs. While plaintiff argues that some of the functions she performed were improperly given to two non-security employees, the court notes that those employees, both of whom are grade 12, were simply given those functions as added responsibilities of their existing jobs. The vast majority of plaintiff's functions were part of the private company's contract, and what were assigned to the two state employees were simply oversight responsibilities. In any event, the court finds that plaintiff's former job was no longer available when the panel decision was rendered, and that such nonavailability was not a pretext for not complying with the panel's decision.

Plaintiff also argues that she should have been offered a grade 8 commercial drivers license specialist job in Richmond, thereby eliminating her daily commutes from Sandston, which is just outside of Richmond, to Hampton. In this regard, it was her testimony that other employees were given such positions recently, and that the jobs were somehow reserved for them. There was no other evidence of that fact, however, and the court accepts the testimony of DMV officials that no such jobs were available when plaintiff was reassigned.

Lastly, the court notes that DMV does not rely on the panel's recommendation that plaintiff be transferred to a different department upon her reinstatement. This is probably due to the fact that in other cases in this court, agencies have consistently argued that they are not bound by panel "recommendations." In any event, the recommendation of the panel in this case has had no effect on the court's decision.

To summarize, the court holds that when a grievance panel, now a hearing officer, orders the reinstatement of a terminated employee, the burden is on the agency to justify placing the employee in any position other than the one from which the employee was terminated. Here, DMV has carried its burden. Plaintiff's motion to enforce the panel's decision will be denied.